The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 16, 2016, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: September 16, 2016**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 14-12194 |
| | ) | |
| NABIL SALEM HAMAOUI, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

ORDER[1]

The debtor seeks an order imposing civil contempt sanctions against Nelson Cruz & Associates for attempting to collect discharged debt owed to Washington Mutual and/or JP Morgan Chase. Although Nelson Cruz & Associates has neither appeared nor otherwise responded to the allegations and orders to appear and show cause, on further review, the debtor has not established by clear and convincing evidence that Nelson Cruz & Associates had actual knowledge of the debtor's bankruptcy discharge. For the reasons that follow, the debtor's motion

---

[1] This Order is not intended for official publication.

for sanctions is denied without prejudice.

BACKGROUND

The debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 7, 2014. The debtor listed "Washington Mutual" and "JP Morgan Chase" as creditors holding unsecured nonpriority claims on the debtor's Schedule F. On May 16, 2014, the Chapter 7 trustee filed a Report of No Distribution (Docket No. 8). On July 16, 2014, the Court granted an Order of Discharge (Docket No. 10) and the Bankruptcy Noticing Center transmitted a notice of debtor's discharge to both Washington Mutual and JP Morgan Chase on July 18, 2014. (Docket No. 11). The case was closed on July 22, 2014. (Docket No. 12).

On June 1, 2016, debtor's attorney Harvey Morrison filed a Motion for an Order to Appear and Show Cause upon Nelson Cruz & Associates (Docket No. 38). Attorney Morrison asserts that Nelson Cruz & Associates attempted to collect a discharged debt after the creditor Nelson Cruz & Associates was representing received notice of the debtor's discharge. According to the debtor's affidavit:

- During the day on May 27, 2016, the debtor's brothers George Hamaoui, Montez Hamaoui, and Abraham Hamaoui called the debtor to report that they had been receiving calls from a person identifying

- herself as "Angela Davis" and that she was trying to reach the debtor.
- The debtor does not know anyone by the name of "Angela Davis," but out of courtesy, the debtor called her as requested. She held herself out as a representative of Nelson Cruz & Associates, a collection agency, and was calling to discuss a debt (or debts) allegedly owed to Washington Mutual and Chase Bank.
- The debtor told her that he had filed bankruptcy nearly two years earlier, but she refused to accept his word. She asked him to identify his attorney, the case number and for other information which was not then readily available to him.
- "Ms. Davis" told the debtor that she and her company were looking into his assets for purposes of collecting on the old accounts (which were scheduled and discharged in his bankruptcy case).

(Docket No. 38, pg. 4).

The Court held a hearing on the motion on June 21, 2016. No one appeared on behalf of Nelson Cruz & Associates. Nor did Nelson Cruz & Associates file anything in response to the debtor's motion. On July 7, 2016, the Court ordered Nelson Cruz & Associates to appear on August 9, 2016, and show cause why the actions of Nelson Cruz & Associates did not violate the discharge injunction provisions of Bankruptcy Code § 524 and why Nelson Cruz & Associates should not be ordered to reimburse the debtor for the reasonable costs of the debtor's counsel in getting Nelson Cruz & Associates to cease its improper conduct. The order further indicated that Nelson Cruz & Associates should be prepared to identify what steps it has taken to insure that similar discharge injunction violations do not occur in the future. The order also indicated that, among the

civil sanctions the Court was considering were: (1) ordering Nelson Cruz & Associates to pay reasonable attorney's fees; (2) ordering Nelson Cruz & Associates to identify specific steps taken to insure that similar discharge injunction violations do not occur in the future; and (3) per-day penalties against Nelson Cruz & Associates and/or officers of Nelson Cruz & Associates should future orders of this Court be ignored. No one appeared on behalf of Nelson Cruz & Associates on August 9, 2016.

## DISCUSSION

11 U.S.C. § 524 provides in pertinent part:

> (a) A discharge in a case under this title –
> . . . .
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

A debtor may bring an action in civil contempt if a party violates the discharge injunction of section 524. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000); *Lover v. Rossman & Co. (In re Lover)*, 337 B.R. 633 (Bankr. N.D. Ohio 2005).

> In order to support a motion for civil contempt, a plaintiff has the burden of establishing by clear and convincing evidence that [the defendant] violated a definite and specific order of the court requiring [the defendant] to perform or refrain from performing a particular act

4

> or acts with knowledge of the court's order. . . . There is no requirement to show intent beyond knowledge of the order.

*CFE Racing Products, Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (internal citations and quotation marks omitted); *In re Stewart*, 499 B.R. 557, 573 (Bankr. E.D. Mich. 2013) (quoting *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)). *But see SEC v. First Choice Mgt. Servs., Inc.*, 678 F.3d 538, 544-45 (7th Cir. 2012) (Posner, J.) (citing *Grogan v. Garner*, 498 U.S. 279, 286 (1991), and other cases) (suggesting in dicta that the large body of case law requiring clear and convincing evidence to prove civil contempt "is in tension with the Supreme Court's insistence on a presumption in favor of the less onerous standard of preponderance of the evidence in federal civil cases").

"Although some courts have held that constructive knowledge can give rise to contempt, other courts, including the Sixth Circuit, have required actual knowledge." *Gunter v. Kevin O'Brien & Assocs. Co. LPA (In re Gunter)*, 389 B.R. 67, 72 (Bankr. S.D. Ohio 2008) (citing *Newman v. Ethridge (In re Newman)*, 803 F.2d 721 (table), 1986 WL 17762 at *1 (6th Cir. 1986)). *See also In re Martin*, 474 B.R. 789 (table), 2012 WL 907090 at *6 (B.A.P. 6th Cir. 2012) (requiring actual knowledge); *Botson v. Citizens Banking Co. (In re Botson)*, 531 B.R. 719, 724 (Bankr. N.D. Ohio 2015) ("The Sixth Circuit requires that

actual knowledge give rise to contempt, as opposed to merely constructive knowledge."); *In re Franks*, 363 B.R. 839, 843 (Bankr. N.D. Ohio 2006) (requiring actual knowledge).

Although no one from Nelson Cruz & Associates appeared in response to the order to show cause, on closer review the Court finds that the debtor has not shown by clear and convincing evidence that Nelson Cruz & Associates had actual knowledge of the debtor's bankruptcy discharge at the time Angela Davis attempted to contact the debtor. Additionally, it appears that once the debtor informed Ms. Davis of his bankruptcy discharge, Nelson Cruz & Associates made no further collection efforts.

It is not entirely clear to the Court under what circumstances Nelson Cruz & Associates undertook this collection effort. Among other possibilities, it could be that Washington Mutual or JP Morgan Chase employed Nelson Cruz & Associates as a collection agent for this debt or sold this discharged debt to Nelson Cruz & Associates. While it is unfortunate that Nelson Cruz & Associates attempted to collect on a discharged debt, the more appropriate course of action would be for the debtor to move for an order that Washington Mutual and/or JP Morgan Chase – both of whom presumably had actual notice of the debtor's discharge – appear and show cause why they should not be sanctioned for violating the discharge

6

injunction through the collection efforts of Nelson Cruz & Associates. *See In re Gunter*, 389 B.R. at 73-74 (creditor violates discharge injunction by turning a discharged debt over to a third party without informing that party of the discharge). *See also In re Nassoko*, 405 B.R. 515, 521-22 (Bankr. S.D.N.Y. 2009) (comparing *In re Gunter*, 389 B.R. 67 (Bankr. S.D. Ohio 2008) with *Finnie v. First Union Nat'l Bank*, 275 B.R. 743 (E.D. Va. 2002)).

Accordingly, the debtor's motion for sanctions is denied without prejudice.

IT IS SO ORDERED.